# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| State of South Carolina, ) | Case No. 2:25-cv-13000-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Pierrie Brisbane, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Pierrie Brisbane, a pretrial detainee proceeding *pro se*, has filed a "Petition to Remove Case" stating his "intent to remove" a series of pending criminal charges from the Charleston County Court of General Sessions, including several counts of assault/battery in the first degree (Case Nos. 2022A1021000050, 2022A1021000051, 2022A1021000052, and 2022A1021000053) and various drug offenses (Case Nos. 2022A1010203492, 2022A1010204758, and 2022A1010204759). (Dkt. No. 1 at 1.)[1] Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the initial pleadings in this action and submit recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that these criminal actions be remanded to the state court for lack of subject matter jurisdiction.

As an initial matter, it appears Defendant Brisbane's removal of these cases is procedurally defective. Under 28 U.S.C. § 1455(a), "[a] defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and

---

[1] The undersigned takes judicial notice of the various criminal proceedings pending against Defendant Brisbane in the Charleston County Court of General Sessions. *See* Case Records Search, https://www.sccourts.org/case-records-search/ (limiting search to Charleston County, Pierrie Brisbane) (last visited Oct. 17, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that a federal court may take judicial notice of the contents of its own records, as well as those public records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

division within which such prosecution is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Here, Defendant Brisbane has not submitted all of the records from his state court actions. (*See* Dkt. No. 1-2.) Moreover, he has provided no indication that these cases were removed within the thirty-day time limit for removal. *See* 28 U.S.C. § 1455(b)(1).

Notwithstanding these procedural defects, these criminal cases are subject to remand because Defendant Brisbane has failed to establish the Court's jurisdiction over them. Indeed, federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). To that end, a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey*, 29 F.3d at 151.

In the context of criminal prosecutions, this Court lacks subject matter jurisdiction over state court matters except in certain narrow circumstances. Specifically, the Court may exercise jurisdiction pursuant to 28 U.S.C. § 1442 (removing party is a federal officer or agency of the United States); 28 U.S.C. § 1442a (removing party is a member of the armed forces of the United States); and/or 28 U.S.C. § 1443 (certain civil rights cases). *See South Carolina v. Poinsette*, No. 2:24-cv-3991-BHH-MHC, 2024 WL 4958188, at *2 (D.S.C. Oct. 10, 2024), *adopted*, 2024 WL 4957725 (D.S.C. Dec. 3, 2024) (explaining that a state criminal matter must be removed on the basis of one of three federal statutes: 28 U.S.C. §§ 1442, 1442a, and 1443). Here, Defendant Brisbane alleges—

albeit incoherently—that removal is proper due to the state court's "refusal to address [his] legal concerns, violating [his] constitutionally protected rights." (Dkt. No. 1 at 4.) More specifically, Defendant Brisbane states that the Charleston County Court of General Sessions "obtain[ed] jurisdiction of [the] charges" without first indicting him and failed to notify him of "the nature of charges." (*Id.* at 1.) Based on these convoluted allegations, the undersigned can only assume Defendant Brisbane is attempting to remove his criminal proceedings pursuant to § 1443.

Under 28 U.S.C. § 1443, any of the following criminal prosecutions, commenced in a state court, may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Notably, "the second subsection of [Section] 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *See N. Carolina State Bar v. Dant*, No. 1:25-cv-634, 2025 WL 2147155, at *7 (M.D.N.C. July 29, 2025) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Because Defendant Brisbane does not appear to be a federal officer, he is presumably relying on § 1443(1) to remove his criminal prosecutions.

To remove a case under § 1443(1), the removing party must show that the "right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality," and that he is "'denied or cannot enforce' the specified rights" in state court. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (internal citations omitted). Aside from vague references to his

"constitutional rights," Defendant Brisbane does not allege that the Charleston County Court of General Sessions has denied—or will deny—his civil rights in terms of racial equality. His allegations are therefore insufficient to support removal pursuant to § 1443(1).[2] *See N. Carolina State Bar v. Dant*, No. 1:25-cv-634, 2025 WL 2147155, at *8 (M.D.N.C. July 29, 2025) (noting that a defendant's general contention "that [he] will be denied a fair trial in state court is not a sufficient ground for removal") (internal citations omitted); *see also State v. Ivory*, 906 F.2d 999, 1002 (4th Cir. 1990) ("The 'regulation of crime is pre-eminently a matter for the States,' and there is a 'strong judicial policy against federal interference with state criminal proceedings.'") (citing *Meas v. California*, 489 U.S. 121, 138 (1989)). For the foregoing reasons, the undersigned **RECOMMENDS** that the district judge remand these criminal matters—to the extent they were removed—to the appropriate state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand.").

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 20, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

---

[2] It is also worth noting that to the extent Defendant Brisbane is attempting to assert a civil counterclaim or defense under 42 U.S.C. § 1983 as a basis for removal, he may not do so. *See South Carolina v. Poinsette*, No. 2:24-cv-3991-BHH-MHC, 2024 WL 4958188, at *3 (D.S.C. Oct. 10, 2024), *adopted*, 2024 WL 4957725 (D.S.C. Dec. 3, 2024) (noting that defendant could not bring a civil counterclaim or defense under § 1983 as part of his criminal case).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).